UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 6 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

Ceclia Tate Guardian of Adaisyah Coley (DOB 07/29/11) on behalf of the Estate of Derick Coley

Vernell Conley 110709

Jimmy Lee Cotton Jr. 170280

Jack Odem 116620

Desmond Patton 161141

Terry Swanigan ADC 101568

Hernando Traylor 100585

Clifford Walker 087478

Paul Michael Warder ADC 174550

Eric Williams 163513

Gustin Parker 173801

John Ponder111968

Brandon Singleton 655630

R Gordon 150471

Dariuntae Reeder 149193

Wyatt Taylor 174913

Bryant Mcconnell 097261

Angel Romero 142573

Marion Westerman 121452

Lorenzo Jiles Jr. 103778

Timothy Golden 650483

John Russey Jr 114693


Quincy Stewart 104539

4:20-cv-00681 BSM-BD

This case assigned to District Judge: Miller
and to Magistrate Judge Deere

| | |
|---|---|
| PATRICK ROBINSON | 94110 |
| EDWIN CLINGMON | 116246 |
| BOWEN GARRETT | 161212 |
| CAMERON WELLS | 173279 |
| ANGEL ROMERO | 142573 |
| DARIUNTAE REEDER | 149193 |
| KETRICK WOMACK | 157238 |
| BRYANT MCCONNELL | 97261 |
| TIMOTHY ALLEN | 144419 |
| DEVIN WHITAKER | 168491 |
| A. COLLINS | 157563 |
| COREY JOHNSON | 167282 |
| JEROME WALER | 170947 |
| DEXTER ALLEN | 165818 |
| RICHARD ROME | 169278 |
| JAQUAN HOLLISTER | 174883 |
| D. TURNER | 155648 |
| C. ROBINSON | 159800 |
| | |
| BRANDON SINGLETON | 156630 |
| BOBBY HURST | 156820 |
| ANTHONY BURNELL | 158400 |
| TORRIS RICHERSON | 145883 |
| A BIDDINGS | 161526 |
| DEAUNDRA HARRIS | 163577 |
| MICHAEL OSBORNE | 174181 |
| ADRIAN COLLINS | 157563 |
| JONATHAN HOLLIS | 55108 |
| ROBERT RIGGS | 155373 |
| ANDREW | 174437 |
| CORDARIO MORANT | 167609 |

| | |
|---|---|
| KENDRICK CALHOUN | 61097 |
| JORDAN DAVIS | 174843 |
| JAMARIO COLLINS | 145584 |
| TARHA MARK | 60732 |
| | |
| KING | 157260 |
| ELIJAH MCALISTER | 168270 |
| KEITH D MATTHEWS | 145644 |
| PATRICK ABBOTT | 153819 |
| ORENTHIAS DSHAUN MAYS | 164860 |
| ANTHONY BILLY JAMES BURNETT | 158400 |
| CEDRIC MONTRELL BURKS | 95168 |
| CARL EARL ROBINSON | 81732 |
| TORRIS DWAYNE RICHARDSON | 145883 |
| MARCUS KAREN JOHNSON | 160958 |
| BRADLEY JEFFERSON BIDDLE | 154247 |
| | |
| ERIC LAMAR WILLIAMS | 163513 |
| ALVIN DEJUAN AIKENS | 160951 |
| JAYLIE COBBS | 168052 |
| CHARLES RAY THOMAS | 124563 |
| DONALD RAY MATHIS | 141398 |
| ROBERT FINKS | 143647 |
| KYLE POUND | 147913 |
| PATRICK SANDERS | 149030 |
| LELAND BENNETT | 168514 |
| GERMANIC RICKIE | 140985 |
| JASON JACKSON | 121481 |
| COREY LAMONT JOHNSON | 167282 |
| JERRARD BALL | 155745 |
| CORY JACKSON | 178383 |
| EVAN CLEGG | 160693 |

| | |
|---|---|
| CALVIN STEPHENS | 171181 |
| CURTIS WRIGHT | 161104 |
| OLANDO TRAYLOR | 132166 |
| TROY TAYLOR | 160442 |
| DEUNDRA HARRIS | 163577 |
| JAVANDER WILLIAMS | 166325 |
| LARRY DAVIS | 92835 |
| LENTONIO JENNER | 171521 |
| WILLIS TUCKER | 146373 |
| TOBIUSE REYNOLDS | 170726 |
| BRYANT MCCONNELL | 97761 |
| BOWEN GARRETT | 161212 |
| DEON MCKELLAR | 150045 |
| JOE SULLIVAN | 76274 |
| MICHAEL HENDERSON | 108974 |
| CORTEZ PRYOR | 163575 |
| KEVIN BANKS | 114244 |
| MATTHEW WEBB | 146521 |
| ANGEL ROMERO | 142573 |
| JEROME WAFER | 170947 |
| TOREY MARTIN | 135162 |
| TRISTAN BRYANT | 158794 |
| SAMUEL WEEAMS | 167725 |
| DEMOND MONTGOMERY | 155091 |
| VALUAH SHAW | 170847 |
| KENNETH PITTMAN | 163012 |
| TRESCAN FREEMAN | 170641 |
| STEPHEN CALAHAN | 153933 |
| CAMERON WELLS | 173279 |
| CHANCE RUTHERFORD | 139064 |
| JAKOB REPPO | 550927 |
| RICHARD RONO | 659278 |

| | |
|---|---|
| CLINTON WARD | 154261 |
| WILLIE COLEMAN | 154261 |
| HERNANDO TRAYLOR | 100584 |
| ANTHONY HART/MUHAMMAD | 98304 |
| TYRONE EDMOND | 135000 |
| JARROD BLOOD | 144090 |
| VERNELL CONLEY | 110709 |
| ANTHONY NEAL | 169842 |
| LAJARRETTE BOOKER | 111692 |
| JERARD BALL | 155746 |
| WILLIS JOHNSON | 137551 |
| JOHN RAMSEY | 138093 |

Plaintiffs,


Case No.


v.


ARKANSAS DEPARTMENT OF CORRECTIONS

WARDEN AUNDREA CULCALGER

WENDY KELLEY, SECRETARY

CORRECTIONAL OFFICERS UNNAMED 1-100

JANE AND JOHN DOES 1-100

Defendants.

## COMPLAINT AND JURY DEMAND


NOW COME the above-named Plaintiffs,  by and through their attorneys, The Swanigan Firm,

and as for an action under the United States Constitution, particularly under the Due Process

Clause of the 14th Amendment to the United States Constitution, and the 8th and 14th

Amendments; Title 42 US Code 1983-1985, together with their claims for relief against the

above-named Defendants, allege and show the Court as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under
   the United States Constitution and Laws of the United States, and pursuant to 28 U.S.C. §
   1343(a)(3) because this action seeks to redress the deprivation, under color of state law,
   of Plaintiffs' civil rights.

2. That this Court has supplemental jurisdiction over all state law claims which arise out of
   the same facts common to Plaintiffs' federal claims pursuant to 28 U.S.C. § 1367.

### VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because most
   Defendants reside in this district and because a substantial part of the events and
   omissions giving rise to Plaintiffs' claims occurred within this district.

### PARTIES TO THE ACTION

4. Plaintiffs as listed above are all citizens of the United States, residents of the State of
   Arkansas, and are the inmates residing at the Cummins Unit (CU) of the Arkansas
   Department of Corrections (ADC) or their living relative or guardian, and was entitled to
   all rights, privileges, and immunities accorded all residents of the State of Arkansas, and

citizens of the United States, pursuant to the Constitution of the United States of America.

5. The above-listed Plaintiffs serious medical and psychological needs were deliberately ignored and neglected while in custody, and under the care and control of the ADC and the CU all of which the Plaintiffs relied upon to provide adequate medical and psychological care. As a result of the negligence and deliberate indifference of the Defendants Plaintiffs xxx died in the Cummins Unit, and the other Plaintiffs became ill with COVID-19.

6. Wendy Kelley, Secretary of the Arkansas Department of Corrections, is an adult citizen of the United States and a resident of the State of Arkansas. At all times material hereto, Defendant Kelley was the Secretary of the ADC, and in that capacity was ultimately responsible for the health, safety, security, welfare and humane treatment of all inmates at the Cummins Unit, including the Plaintiffs. At all times material hereto, Defendant Kelley oversaw, supervised and had direct control over the management and operations of the entire ADC, including the Cummins Unit, and was responsible for the ADC's policies and procedures, as well as training. At all times material hereto, Defendant Kelley was aware of the MCSO's deficiencies, and the intentional lack of compliance with the CDC and the methods to protect against COVID-19, but took no action to remedy the deficiencies.

7. At all times material hereto, Defendants were deliberately indifferent to the serious medical and psychological needs, as well as the Constitutional rights of the Plaintiffs by ignoring the staff's lack of sufficient training in policies and procedures, both written and unwritten, to adequately address the Plaintiffs, and other inmates in need of medical and psychological care.

8. Defendant Aundrea Culcalger, is an adult citizen of the United States and a resident of the State of Arkansas. At all times material hereto, Defendant Culcalger was employed by the ADC as a Warden and was ultimately first hand responsible for the health, safety, security, welfare and humane treatment of all inmates at Cummins Unit, including Plaintiffs. At all times material hereto, Defendant Culcalger also oversaw, supervised, and had control over the management and operation of the Cummins Unit, and was responsible for the implementation of the policies, procedures, and training. At all times material hereto, Defendant Culcalger was aware of the Cummins Unit deficiencies and non-compliance with the CDC and the methods to prevent the spread of COVID-19, but took no action to remedy the deficiencies.

9. At all times material hereto, Defendants Wendy Kelley and Aundrea Culcalger were acting under color of law, within the scope of his/her employment and authority, and pursuant to ADC's policies, customs, and practices, written and unwritten, which caused the constitutional violations asserted herein.

10. Defendant Correctional Officers John and Jane Does 1-100 are unnamed adult citizens of the United States and residents of the State of Arkansas. At all times material hereto, John and Jane Does were employed as a Correctional Officer at Cummins Unit  and by ADC and were responsible for the health, safety, security, welfare and humane treatment of all inmates at Cummins Unit, including Plaintiffs, in March-May 8, 2020 and beyond. At all times hereto John and Jane Does were acting under the color of law, within the scope of their employment and authority, and pursuant to ADC's and Cummins Units' policies, customs, and practices which were the moving force behind the constitutional violations asserted herein.

11. Defendant Arkansas Department of Corrections with its principal office located at xxx, and registered agent being xxx whose address is xxx operating in corrections, punishment, rehabilitation, and security. ADC was responsible for training and supervising the employees of ADC at Cummins Unit, including Medical Health and Behavioral operations. Defendant ADC established, operated and maintained the Cummins Unit.

12. All of the Defendants are sued in their individual and official capacities. At all times material hereto, all Defendants were acting under the color of law of the State of Arkansas; pursuant to their authority as official, agents, contractors or employees of ADC; within the scope of their employment as representatives of public entities, and were deliberately indifferent to the Constitutional and statutory of Plaintiffs.

## FACTS

13. That at all material times hereto, Plaintiffs were inmates and being involuntarily detained at CU under the direct custody, supervision, and care of the Defendants.

14. That while held by ADC, Plaintiffs did demonstrate signs of acute psychological disorders and medical symptoms and disorders, disrupting Cummins prison with an infectious disease. Plaintiffs physical and mental well-being was not treated for or protected against this deadly disease, and as a result, multiple plaintiffs contracted the disease, suffered in pain from the illness, and some died.

15. That at all times relevant herein, the plaintiffs were inmates who had no freedom to move, leave, clean, eat, mail, call or do anything at their own free will and choice. That the plaintiffs were subject to the full authority, control, and supervision of resources of the Defendants.

16. That at some point in time, and at all times relevant, the prisoners were denied access to information to help prevent the spread of COVID -19, were denied access to clean and unused masks, were denied access to or were not provided a clean and sanitized housing unit or prison, were denied and were not provided hand sanitizer or soap to wash their hands frequently, were denied or was not provided gloves to protect the spread of COVID-19, were denied or was not provided clean hot/warm drinking water to prevent the contraction of COVID-19, and were  denied or not provided with medication or vitamins to treat the symptoms, heal or prevent the spread of COVID-19.

17. That plaintiffs were not informed to stay 6 feet away from each other, and no arrangements or accommodations were made for plaintiffs to remain 6 feet away from each other.

18. That plaintiffs' beds remained within 6 feet of each other, and when plaintiffs requested to be permitted to space out from each other or to not work within close proximity of each other Plaintiffs were denied the ability to be 6 feet apart.

19. Defendants did not have adequate staff for healthcare or supplies for healthy food services. Defendants have been denied health care and healthy food. During the pandemic, the Defendants served Plaintiffs four slices of an apple, a piece of bread, and a small piece of meat that was molded.

20. Defendants refused to give Plaintiffs legal mail that was sent to them on April 27th and May 4, 2020. The legal mail contained retainer agreements and intake forms. Plaintiffs attempted to mail legal communications that were not sent to their attorney. This is a violation of their right to counsel, and their right to due process.

21. Defendants tested the Plaintiffs for the coronavirus after the disease had spread throughout the prison, and multiple plaintiffs had displayed symptoms. Defendants failed to test the staff or new inmates upon entry into the prison when the pandemic began to spread. At the time the Defendants finally tested the inmates it was too late to prevent the wide-spread infection of the disease in the prison.

22. When the inmates were tested for the disease, there was one nurse testing multiple
    inmates while wearing the same gloves without switching gloves or washing her hands in
    between the testing of the inmates. The infectious disease Covid-19 can be spread from
    touching infected areas and then touching your face.  The inmates at this time were not
    warned to not touch their faces, were not permitted to wash their hands, and were not
    given anything to clean their hands, bodies, or their rooms after the cross-contamination
    of the testing method with the same gloves.

23. Over 80 people were diagnosed with COVID-19 after they were tested with the cross
    contaminated gloves by one nurse.

24. The contaminated inmates were not isolated from the noncontaminated inmates, and the
    six feet distancing rules were not told to the inmates nor were they enforced by the
    defendants.

25. When inmates were finally provided a mask, they were forced to wear the same mask for
    over seven days without disinfecting the mask or cleaning the mask. It is unsanitary and
    against medical protocol to wear the masks for this length of time and without providing
    a new sanitized mask.

26. Plaintiffs attempted to exhaust their administrative remedies and file complaints, which
    were not heard timely and quickly enough to prevent Plaintiffs from becoming infected

with COVID-19. The complaints were delayed by the correctional officers and staff, and therefore were not processed and reviewed timely. Many complaints were not even moved forward at all, and when the Plaintiff asked about the status of the complaint they were told that it had not been reviewed. Plaintiffs were denied there right to due process and the protections of the law.

27. Derick Coley, Plaintiff, died from COVID-19 as a result of the Defendants negligence and violations of Plaintiff's human rights. He was 29 years old. He has a daughter, and was engaged to his daughter's mother. Mr. Coley contracted COVID-19 while in the custody and control of Defendants. Mr. Coley was expected to come home from prison in a few years, but now instead his family is being told his body will be cremated in a few days. Defendants jointly and severally failed to provide Coley with sufficient and effective medical care, provide healthy food, isolate him from other inmates and guards, and to take any CDC recommendations to protect Mr. Coley from contracting the infectious disease. Mr. Coley was not given hot water, a clean and sanitized environment, masks, gloves or hand sanitizer or soap to clean himself or his area.

28. Roy Davis died from COVID-19 while sitting in his wheelchair in a high security area of the Cummins Unit in the visitation center that had been turned into a make-shift treatment center, but it did not have adequate medical personnel. Further, the following lives have been lost due to the neglect that is occurring in the prison and the lack of timely and appropriate medical care to date as known by plaintiffs but there may be others unknown:

1. Danny Woods, 2. Ronnie West, 3. Derrick Cooley, 4. John Young, 5. Lance Branscon, 6. Roy Davis 7. Kenneth Odom 8. Tony Harper and 9. Robert Todd Burmingham.

29. That Plaintiffs were subject to a form of torture by being intentionally and/or recklessly denied medical care and proper food to maintain their nutrition and health, which was the responsibility of all defendants, jointly and severally.

30. That fellow inmates and also Plaintiffs repeatedly urged corrections officers to give Coley, masks, proper medication, gloves, and proper nutrition before his death. The pleas and requests for medical assistance and proper CDC recommendations to be implemented were repeatedly ignored by Defendants, named and unnamed.

31. That it was custom in the prison for correctional officers and CU, to not address the pleas and medical requests of the inmates.

32. That Cummins Unit has exhibited a systemic deficiency in staffing for a period lasting over 3 years.

33. As a result of the lack of health care staff, health care supplies and deficient medical services at the Cummins Unit, correctional officers often improperly attempt to substitute their untrained judgment for that of medical professionals.

34. The lack of medical and psychological staff at creates severe problems for the ADC's ability to respond timely and appropriately to medical emergencies and needs, which is exactly what contributed to the untimely, horrific, and preventable death of Coley and the reason that the Plaintiffs contracted COVID-19.

35. Physical and psychological exams performed by Cummins Unit staff are incomplete and inadequate, often lacking a referral to an appropriate medical professional.

36. The untrained correctional officers are forced to make medical and psychological decisions concerning the health and welfare of prisoners, while lacking in formal training.

37. Inmates are remaining in the isolated sensory deprived hole for extended durations of time, which is significantly harmful and deteriorating to their psychological well-being.

38. The inmates in the hole and sitting in isolation. On May 9, 2020, the inmates were not served dinner until 1:21 am, and it was significantly lacking in food. It did not have beans and fruit on the tray. The food trays have been completely May 8, 2020, they were only served two trays of food in a 24 hour period.

39. That inmates with acute medical and psychological conditions have suffered for days, failed to receive appropriate medical care or referrals and/or subsequently died in the Cummins Unit.

40. Based on the report of multiple inmates who have been imprisoned over 10 years, Cummins Unit has not performed medical emergency drills to be prepared for such incidents as an extensive medical emergency in the prison.

41. ADC has repeatedly failed to conduct thorough investigations into deaths that occurred in their facilities, thereby allowing staff to avoid being disciplined or prosecuted for their actions and creating an atmosphere of deliberate indifference to the health and welfare of inmates.

42. Since March 1, 2020, there have been seven tragic and wholly preventable deaths at the Cummins Unit including but not limited to Danny Woods, Derick Cooley, Ronnie West. The fact that the prison is a closed and excluded location should have made it easy for the ADC to prevent the spread of the disease and to protect the inmates, if they had implemented and complied with the CDC recommendations and had an emergency health plan.

43. All Defendants were on notice of the unconstitutional conditions in the Cummins Unit when Plaintiffs filed numerous complaints over the years and during the time pertinent to this complaint, and each failed to rectify these conditions.

44. The above acts and omissions of all Defendants, and each of them, constitute a course of conduct and failure to act amounting to willful, wanton, and deliberate indifference to the rights, health, safety, and welfare of Plaintiffs, and those similarly situated, resulting in

the deprivation of their constitutional rights, pursuant to the 8th and 14th Amendments to the United States Constitution and the Due Process Clause to the United States Constitution.

45. The acts and omissions of the Defendants, as set forth above, violated the clearly established and well settled federal constitutional rights of the Plaintiffs, i.e., due process of law under the Fourteenth Amendment, and cruel and unusual punishment under the Eighth and Fourteenth Amendment to the United States Constitution, and Arkansas Constitution, Art. 2, § 9, because Defendants were deliberately indifferent to the rights of Plaintiffs.

46. The Defendants jointly and severally knew that Plaintiffs were suffering from serious medical conditions and needed immediate treatment, but deliberately failed to provide the treatment and protection needed and by denying repeated requests for masks, hand sanitizer, clean and sanitized units, to stay 6 feet apart, and to not work in close areas.

47. Defendants even deliberately and intentionally gave Plaintiffs negative write-ups if they failed to come to work as a result of the COVID-19 pandemic, and instructed them that despite the heightened risk of infection that they were required to come to work with no form of protection, warm drinking water, or cleaning agents in an area where they would be working closely with other inmates and correctional officers.

48. Inmates are being denied access to mail from attorneys, which is a denial of their right to an attorney. Legal mail and Notary call should be processed Monday through Friday

night, but it has not happened. Legal mail being sent into the facility is not being given to the inmates, and letters are not being process or are being withheld when inmates attempt to send them out.

49. Testing is not properly occurring to determine if they have recovered, but it is being reported to families and the public that inmates have recovered without any treatment or testing.

50. The Defendants, jointly and severally, knew that Plaintiffs needed medical and psychological care, or would suffer complications from COVID -19 and its subsequent side effects, including death.

51. The inmates in solitary confinement are not getting grievance letters, and their mail is not being forward to them appropriately and timely from family and from legal staff. This is a denial of their right to counsel, their right to due process, and their right from cruel and unusual punishment.

52. The Defendants, jointly and severally, knew or should have known of the Plaintiffs prior significant medical history that would put them at greater risk for contracting the COVID-19 disease, but deliberately and with gross negligence took no timely and effective steps to protect their individual or group medical and psychological needs.

53. That the above named Defendants, jointly and severally, were deliberately indifferent to serious medical and psychological needs and intentionally deprived Plaintiffs of the

required medical care and treatment, and acted with reckless disregard of Plaintiffs serious medical and mental health conditions, which were clearly evident, in violation of his rights, privileges, and immunities as guaranteed by the United States Constitution, the Eight Amendment, and Federal Statutes including 42 U.S.C. § 1983.

54. That the conduct of the Defendants, jointly and severally, shocks the conscious, was reckless, and demonstrates a deliberate indifference to the consequences of their refusal to provide Plaintiffs with medical and mental health care while in the Cummins Unit, and refusal to transport Plaintiffs to the hospital to obtain appropriate care, treatment, testing, and diagnosis.

55. That the conduct of each Defendant, individually, and /or as employees and/or agents of ADC at the Cummins Unit were committed while acting under the color of law and deprived Plaintiffs of their clearly established rights, privileges, and immunities, in violation of the Due Process Clause and the 8th and 14th Amendments of the United States Constitution, and of 42 U.S.C. § 1983.

56. That the Defendants, jointly and severally, deprived Plaintiffs of their individual rights, as follows:

   a. Deliberately failing to properly train the Cummins Unit staff, including medical personnel providing medical care to residents therein, to properly assess and determine when a resident is facing a medical emergency;

b.  Deliberately ignoring Plaintiffs immediate needs for medical treatment;

c.  Deliberately ignoring Plaintiffs requests and complaints for personal protections and a clean and healthy facility;

d.  Deliberately failing to seek appropriate medical attention or release for Plaintiffs who were at high risk for contracting the disease;

e.   Deliberately failing to seek appropriate medical attention or testing for Plaintiffs who were at high risk and/or for those who had contracted COVID-19;

f.  Deliberately failing to transport Plaintiffs who contracted COVID-19 to an appropriate hospital or medical facility for immediate care and treatment;

g.  Deliberately failing to render medical treatment to a man succumbing to COVID-19;

h.  Deliberately failing to test Plaintiffs for COVID-19 using proper medical procedures and processes in a clean and sanitary location;

i.  Deliberately failing to conduct timely mandated security/rounds.

j.  Deliberately failing to conduct meaningful security checks/rounds;

k.  Deliberately failing to separate and isolate COVID-19 infected from uninfected inmates;

l.  Deliberately and willfully failing to notify appropriate doctors, nurses, and medical staff of Derick Coley's perilous battle with COVID-19;

m. Deliberately failing to hire, train, maintain, and implement competent medical staff, and in sufficient numbers to treat the Plaintiffs at Cummins Unit;

n.  Deliberately failing to discipline, instruct, supervise, and/or control the conduct of correctional staff at Cummins Unit, thereby encouraging the wrongful acts and omissions complained of herein;

o. Deliberately failing to timely (as of March 7th) require correctional staff and contractors to wear masks, gloves, wash hands or use hand sanitizer when entering the prison and while on duty their entire shift to prevent the spread of COVID-19; but the guards did not start to wear masks and gloves until April 7th and the inmates were not provided anything until April 8th, which was after the mass spread of the disease in the community and in the prison;

p. Deliberately allowing a custom and/or practice at Cummins Unit of deliberately ignoring complaints of inmates or their need for medical attention, mental health attention, and nutritious food;

q. Deliberately, willfully, and wantonly withholding required medical care to Plaintiffs and specifically Derick Coley when they had knowledge of Plaintiffs and Derick Coley serious medical conditions requiring immediate attention;

r. Deliberately, willfully, and wantonly failing to ensure that the Cummins Unit was properly and adequately staffed, cleaned, and safe; and

s. Deliberately, willfully, and wantonly failing to ensure the CDC recommendations were complied with, the Plaintiffs were protected, and medical care was available.

57. ADC because of the above-alleged, engaged in a habit, practice and procedure jeopardizing the physical and mental health of inmates, which imposes liability upon them as an entity because the deliberate indifference was a proximate cause of the death of Derick Coley and the life threatening COVID-19 infection of Plaintiffs.

58. The Defendants jointly and severally participated in deliberate indifference to the medical, psychological, and life-sustaining needs of Plaintiffs, and each Defendant directly participated in the deprivation of life-sustaining food, medical supplies,

medication, and medical treatment, either by having knowledge that this practice was

occurring, and/or directly participating in depriving Plaintiffs of medical supplies, food,

medication, and medical treatment, which contributed to the death of Coley and the life-

threatening infection of Plaintiffs.

## AS AND FOR NEGLIGENCE

59. Plaintiffs hereby reasserts and realleges each and every allegation contained in

    Paragraphs 1 through 56 as if fully set forth herein.

60. That by accepting Plaintiffs into custody, Defendants undertook and owed to Plaintiffs

    the duty to make reasonable efforts to care for him in a reasonably prudent manner, to

    exercise due care and caution and to follow the common law as it relates to persons in

    their custody who are unable to care for themselves or seek medical attention while in

    custody.

61. Notwithstanding the aforementioned duty of care for medical treatment, Defendants

    treated Plaintiffs in a manner that was extremely negligent, careless, reckless, and

    without concern for his safety.

62. Defendants lined the Plaintiffs up like a herd of animals outdoors and while wearing the

    same unsanitized gloves with each inmate tested for COVID-19, which in effect could

    spread the disease from an infected person to an uninfected person. This treatment was

    barbaric and without care or logic for the protection and safety of the Plaintiffs.

63. That Defendants, in the face of Plaintiffs' obvious need for medical attention and

    assistance, failed to obtain medical attention, failed to identify a medical emergency,

    and/or failed to act as prudently required.

64. Defendants failed to adequately train correctional staff and medical staff; failed to develop and implement proper policies and procedures for dealing with high risk prisoners in the Cummins Unit; failed to have some method, policy, practice, and / or procedure in regards to identifying medical emergencies pertaining to such inmates, highly contagious pandemics, and failed to have an intervention method, policy, practice, and/or procedure in regards to such inmates and/or high risk prisoners at the Cummins Unit so that treatment could be obtained on a timely basis.

65. Defendants engaged in conduct that was so negligent, careless, and reckless that it demonstrated a substantial lack of concern by failing to appropriately implement policies and procedures concerning the training of correctional staff and/or medical staff regarding the processing and relaying of medical information and request for emergent medical treatment and by failing to act on requests for emergent medical treatment, including, but not limited to:

   a. Failing to properly train the Cummins Unit staff, including medical personnel providing medical care to inmates/persons in custody is facing a medical emergency;

   b. Further, Correctional officers who were knowingly positive were working at the Cummins Unit and were told to work despite testing positive, which exposed inmates to the lethal virus;

   c. Correctional officers were understaffed and untrained, which created a greater risk to exposure and a risk of violence and safety issues that resulted in injuries to the inmates;

d. Negligently, carelessly, and recklessly ignoring Coley and other Plaintiffs immediate needs for medical treatment;

e. Negligently, carelessly and recklessly failing to transport Plaintiffs to an appropriate hospital or medical facility for immediate medical care, testing, and treatment;

f. Negligently, carelessly, recklessly failing to seek appropriate medical attention for a man in distress due to COVID-19/coronavirus.

g. Negligently, carelessly, and recklessly failing to seek appropriate medical attention for major health high COVID-19 risk related diseases, and to assure that the inmates had sufficient nutrition and vitamins to buildup their immune system.

h. Negligently, carelessly, and recklessly failing to notify doctors, nurses, and medical staff of Plaintiffs COVID-19 state and obvious side effects therefrom;

i. Negligently, carelessly, and recklessly hiring, training, maintaining, and implementing competent correctional staff at the Cummins Unit;

j. Negligently, carelessly, and recklessly hiring, training, maintaining, and implementing competent medical and mental health staff at the Cummins Unit;

k. Negligently, carelessly, and recklessly failing to discipline, instruct, supervise, and/or control the conduct of the correctional staff at the Cummins Unit, thereby encouraging the wrongful acts and omissions complained of herein;

l. Negligently, carelessly, and recklessly failing to discipline, instruct, supervise, and/or control the conduct of the medical staff at the Cummins Unit, thereby encouraging the wrongful acts and omissions complained of herein;

    m. Negligently, carelessly and recklessly allowing a custom and/or practice at the Cummins Unit of deliberately ignoring complaints of inmates of their needs for medical attention; and,

    n. Negligently, carelessly, and recklessly withholding required medical care to Plaintiffs when they had actual knowledge of Plaintiffs serious medical conditions requiring immediate attention.

66. That as a direct and proximate result of the negligent and/or intentional constitutional violations alleged in the entire Complaint, the Plaintiff Coley's daughter suffered loss of companionship and society of her father, Coley, and pecuniary loss of his estate, whose untimely death deprived her of said rights as his daughter, causing emotional distress, psychiatric distress, mental anguish, and anxiety, making said Defendants, jointly and severally, responsible in compensatory damages in an amount to be determined by the jury.

67. That each defendant, jointly and severally, committed acts and conduct, a proximate cause of the death of Coley and the contraction of COVID-19 by other Plaintiffs intentionally, recklessly, and maliciously, making an award of punitive damages necessary and appropriate.

68. The Defendants, jointly and severally, are responsible for reasonable costs and attorney's fees pursuant to Title 42 § 1988.

WHEREFORE, the Plaintiffs respectfully demand judgment against the Defendants, jointly and severally, as follows:

1. An award of compensatory damages for each Plaintiff individually as determined by the Jury;

2. An award of punitive damages for each Plaintiff individually as determined by the Jury;

3. An award of attorney's fees and costs, pursuant to Title 42 U.S.C. 1988, as awarded by the Court;

4. A Consent Decree specifically prohibiting the Defendants, jointly and severally, from ever depriving an inmate at the Cummins Unit proper medical care, testing, and treatment, from depriving an inmate a complete healthy and nutritious meal that is life sustaining, timely served, depriving an inmate from personal protections such as water, masks, hand sanitizer, and other similar protections and 3 complete meals; and other conduct detrimental to the health and safety of high risk medical or COVID-19 positive inmates;

5. The release to house arrest of any and all Plaintiffs who are high risk for COVID-19 and/or the release to quality medical professionals for anyone who has been diagnosed with COVID-19 or who has a fever; and

6. Any other further relief as this Honorable Court deems just and equitable.


**THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

Dated at this 14th day of May, 2020.


Respectfully Submitted,


Verona E. Swanigan

The Swanigan Firm
425 W. Capitol Ave., Suite 1533
Little Rock, Arkansas 72201
(501) 375-5545 phone/ (501) 374-9515 fax

    /s/    Verona Swanigan
VERONA E. SWANIGAN, #2017012